IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41496
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

REYNALDO GARCIA ARDILA,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 97-41496
- - - - - - - - - -
October 23, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Reynaldo Garcia Ardila (Ardila) was convicted of conspiracy to possess with intent to distribute in excess of 100 kilograms of marijuana and aiding and abetting to possess with intent to distribute more than 100 kilograms of marijuana. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He was sentenced on March 29, 1989 to serve a 63-month term of imprisonment to be followed by a five-year term of supervised release.

Ardila committed several violations of the terms of his supervised release. As a result, the district court revoked the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release, and remanded Ardila to the Bureau of Prisons for a term of 60 months. At the hearing, Ardila did not object to the sentence. When a defendant fails to object, this court reviews for plain error. Fed. R. Crim. P. 52(b); *United States v. Claverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc). When plain error is apparent, this court may raise the issue *sua sponte*. *United States v. Pineda-Ortuna*, 952 F.2d 98, 105 (5th Cir. 1992).

On appeal Ardila argued that the 60-month sentence was plainly unreasonable, because the district court did not adequately consider the policy statement contained in Chapter 7 of the United States Sentencing Guidelines. He also contended that the district court's reference to his drug addiction as the basis of sentencing was unconstitutional. *See Robinson v. California*, 370 U.S. 660, 667 (1962).

We have reviewed the record and the briefs of the parties and conclude that the district court did commit plain error, because it imposed a sentence in violation of 18 U.S.C. § 3583(e)(3). When an underlying conviction is for a class B felony, the maximum allowable sentence upon revocation of supervised release is three years. 18 U.S.C. § 3583(e)(3). The district court sentenced Ardila to five years. Accordingly, the sentence should be vacated and remanded to the district court for re-sentencing in conformity with § 3583(e)(3). Ardila's second contention, that referring to his drug addiction in sentencing is unconstitutional, is without merit. *See United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1527 (1998)(the district court sentenced defendant because he used controlled substances in

violation of the terms of his probation, not because he was a drug addict).

VACATED AND REMANDED.